FILED & JUDGMENT ENTERED
Steven T. Salata

Jan 06 2016

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| IN RE:<br><br>**ERIK M. DUNLAP**<br>　　　　**DEBTOR**<br>_____<br><br>**ERIK M. DUNLAP**<br>　　　　**PLAINTIFF**<br><br>v.<br><br>**EDUCATIONAL CREDIT MANAGEMENT CORPORATION AND COLLEGE FOUNDATION, INC.**<br>　　　　**DEFENDANTS.** | **CASE NO. 15-30795**<br>**CHAPTER 7**<br><br><br><br><br>**A.P. NO. 15-03150** |

**ORDER GRANTING EDUCATIONAL CREDIT MANAGEMENT**
**CORPORATION'S MOTION TO DISMISS**

THIS MATTER came before the Court on a Motion to Dismiss the Complaint filed by Defendant Educational Credit Management Corporation ("ECMC"), assignee of Defendant North Carolina State Education Assistance Authority, pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure and Bankruptcy Rule 7012 for failure to state a claim upon which relief can be granted. The Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff filed a voluntary chapter 7 petition on May 18, 2015. He is approximately 41 years old, is not married and has one 13 year old dependent child who does not reside with him. He filed an adversary proceeding on September 24, 2015, seeking to discharge his student loan debt, or at least a portion of the interest accruing thereon, pursuant to 11 U.S.C. § 523(a)(8) because he contends that repayment in full would impose an undue hardship on him and his dependent.

Plaintiff has two outstanding student loans on which he says the balance is approximately $174,600. He incurred the loans to fund completion of his Masters Degree at the University of North Carolina at Chapel Hill and his Doctorate in Psychology from the University of Idaho. Despite his advanced education and professional degree, Plaintiff alleges that he was unable to find steady employment in the field of psychology, and transitioned to the sales industry where he is employed as a manager with Coca Cola with an annual income of $74,425 in 2014 and $70,365 in 2013. He has current gross monthly wages of $6,831.85. He does not expect an increase or decrease of income within the year after filing his Schedules in May, 2015. After payroll deductions and monthly expenses, including budgeted payments of $640.57 per month on student loans, voluntary retirement contributions of $204.95 and child support payments of $647.00, he has positive monthly net income of $5.37. His obligation to pay $647.00 per month in child support expires in November of 2018, although he says that he may need to assist with additional educational expenses for his dependent after that date.

Plaintiff alleges that his "inability to fully repay his obligations on the student loans is due to the high rate on the loans;" and that the interest rate is 7.375%. [Compl. ¶ 52-53.] Plaintiff complains that repaying his student loans in full would "probably" require him to make payments into his 70s, and that the additional tax liability that may arise if he participated in an income based repayment plan would be an undue hardship. [Compl. ¶ 32, 51.]

## CONCLUSIONS OF LAW

To withstand a motion to dismiss, a complaint must set forth enough information to outline the elements of the claim or permit inferences to be drawn that the elements exist. In other words, the plaintiff must plead facts that "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In the present case, Plaintiff's allegations, even if taken as true, fail to satisfy the elements for discharge of student loan debt required by 11 U.S.C. § 523(a)(8). The remedy for such failure under Rule 12(b)(6) is dismissal.

### I.     Requirements of Section 523(a)(8)

Student loans are unique obligations because the federal government loans students money without requiring the usual protections given to lenders. *In re Roberson,* 999 F.2d 1132, 1135-1136 (7th Cir. 1993). Thus, the taxpayers put their faith in students to repay the debt, except in "rare circumstances" and only where "a certainty of hopelessness exists." *Id.* at 1136; *Educ. Credit Mgmt. Corp. v. Frushour*, 433 F.3d 393, 401 (4th Cir. 2005).

Congress expressly excluded student loan debt from the general discharge provision of the bankruptcy code "unless excepting such debt from discharge under this paragraph will impose

an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8). The Fourth Circuit defines "undue hardship" as follows:

> [n]onetheless, the ordinary meaning of "undue" gives us clear guidance. "Undue" generally means "unwarranted" or "excessive." Because Congress selected the word "undue," the required hardship under § 523(a)(8) must be more than the usual hardship that accompanies bankruptcy. Inability to pay one's debts by itself cannot be sufficient; otherwise all bankruptcy litigants would have undue hardship.

*Frushour*, 433 F.3d at 399; *see also United States Aid Funds, Inc. v. Pena*, 155 F.3d 1108, 1111 (9th Cir. 1998) (mere "garden-variety" hardship is an insufficient excuse for a discharge of student loans).

In *Frushour*, the Fourth Circuit adopted the widely-used *Brunner* test under which debtors must establish the following elements to prove undue hardship:

(1) they cannot maintain, based on current income and expenses, a "minimal" standard of living for themselves and their dependents if forced to repay the loans;

(2) additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period for the student loans; and

(3) they have made good faith efforts to repay the loans.

*Frushour*, 433 F.3d at 400 (citing *Brunner v. N.Y. Higher Educ. Servs. Corp.*, 831 F.2d 395 (2d Cir. 1987)). The standard of proof is preponderance of the evidence, and the debtor bears the burden of proof on all three prongs. *Grogan v. Garner*, 498 U.S. 279, 291 (1991); *Frushour*, 433 F.3d at 400. If any one of the requirements is not satisfied, no part of the loan can be discharged. *E.g.*, *Pa. Higher Educ. Assistance Agency v. Faish,* 72 F.3d 298, 306 (3d Cir. 1995); *In re Ammirati*, 187 B.R. 902, 904 (D.S.C. 1995).

## II.   Plaintiff Fails to Allege Facts Sufficient to Constitute Undue Hardship

Plaintiff does not allege the elements of an undue hardship claim as required in the Fourth Circuit. He is maintaining a minimal standard of living for himself and his dependent while repaying his student loans at the rate of $640.57 per month and making voluntary retirement contributions in excess of $200.00 per month. *See In re Gesualdi*, 505 B.R. 330, 346 (Bankr. S.D. Fla. 2013) (citing voluntary contributions to retirement plans as an unnecessary expense for undue hardship purposes). He is highly educated, gainfully employed, and does not allege any medical or other special circumstances inhibiting his ability to remain employed. He recognizes that he could apply for an alternative repayment schedule for his student loan debt such as an income contingent repayment plan and does not claim he is ineligible to do so, but he has not done so for fear of future tax consequences.

Plaintiff's allegations, viewed in the light most favorable to him, fail to rise to the level of an "undue hardship." *Graney v. United States Dep't of Educ.*, 2013 Bankr. LEXIS 2278, *8 (Bankr. E.D. Mo. Mar. 20, 2013). A similar situation was before the court in the *Graney* case. *Id.* There the chapter 7 debtor also filed an adversary proceeding seeking discharge of his student loan debt pursuant to 11 U.S.C. § 523(a)(8). As of the petition date, the plaintiff had been employed at Morgan Stanley, but he lost his job and was collecting unemployment by the time the court considered the defendants' motion to dismiss his complaint. *Id.* In that sense, the plaintiff in *Graney* was in a worse financial position than the Plaintiff in this case, yet the court dismissed the complaint for failure to state a claim of undue hardship. *Id.* at *11. Explaining the basis for dismissal, the court stated:

> Moreover, the Plaintiff argues in the Complaint that, even if being required to repay his Education Loan Debt under an income-

> contingent repayment program would not create an immediate undue hardship, it nevertheless would create a future undue hardship—and that such future hardship was sufficient to warrant discharge today. The Plaintiff alleges that if he entered into an income-contingent loan repayment plan, when he is seventy-three years old—years from now—he would incur a large tax liability resulting from loan forgiveness. However, even if this were true, the proper time to obtain relief from that liability is when it is incurred—not now, and not through discharge in the Main Case. . . [T]he fact that a loan forgiveness debt may be incurred significantly down the road is not a reason to discharge the Plaintiff now from the Education Loan Debt under these facts. . . .
>
> Moreover, the Plaintiff does not allege any fact that supports his claim for relief based on undue hardship. He alleges no physical or mental condition limiting his employment prospects. He alleges no dependents who would suffer an undue hardship as a result of repayment of the Education Loan Debt. He admits that he is well-educated, with professional experience and an established work history. In the IFP Application, he even represents that anticipates an increase in his income in the coming months and is hopeful that he will find employment. He lives in a sizeable city with professional employment opportunities. There is no allegation that the Plaintiff would not qualify for assistance under an income-contingent repayment program. In short, the uncontested facts show the opposite of what the Plaintiff alleges. They establish that the Plaintiff is capable of (1) obtaining some sort of work (even if the job would not be his desired "higher paying" employment that is "commensurate" with his master's degree), (2) entering into an income-contingent repayment program, if necessary, and (3) paying on the Education Loan Debt.

*Id.* at *10-12.  The reasons the bankruptcy court cited in support of dismissal in *Granery* are also applicable in the present case.  Plaintiff's allegations regarding potential future negative tax consequences do not constitute undue hardship as required by controlling law in this jurisdiction.  The fact that interest is accruing on Plaintiff's student loans and he does not expect to be able to pay them in full, even if he works consistently until he reaches retirement age, does not entitle Plaintiff to the relief he seeks.  Plaintiff failed to articulate any "additional circumstances" that might justify discharge pursuant to Section 523(a)(8).  Under these circumstances, it is clear that

Plaintiff cannot meet his burden of proof on the three required elements under *Frushour* and *Brunner*. The appropriate remedy is dismissal of the Complaint.

## CONCLUSION

The Motion by Educational Credit Management Corporation to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) is **GRANTED**. The Debtor's student loans are not dischargeable pursuant to 11 U.S.C. § 523(a)(8).

**SO ORDERED.**

United States Bankruptcy Court

This Order has been signed electronically.
The Judge's signature and Court's seal
appear at the top of the Order.